UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   Case Number: 3:23-CR-83-MMH-PDB

ANDREW BULL

_____

SENTENCING MEMORANDUM

The Defendant, **ANDREW BULL**, requests that the Court impose the statutorily required minimum mandatory sentence in this case which is 25 years of incarceration.

### MR. BULL'S BACKGROUND

Mr. Bull was born in Rockville, Connecticut, to Tricia Picard. His father was almost entirely absent from his life, and he has no connection to him. He was raised in Tolland, Connecticut, largely by his maternal grandparents, Beverly and Ralph Bull, whom he credits with unwavering support throughout his life, stating, "They have been supportive of me every day I've been on this earth." In 2021, Mr. Bull purchased his grandparents' home in Tolland, Connecticut. He and his girlfriend bought the house and put about $140,000 into needed renovations, planning to live there and raise a family.

Following the sale, Beverly and Ralph relocated to Okeechobee, Florida. However, instead of a pleasurable retirement with warm weather and

relaxation, tragedy struck the family. Mrs. Bull was diagnosed with an aggressive form of cancer. After some unsuccessful treatments, she received hospice care and passed away in February 2025. This has devastated Mr. Bull, given how close he was to his grandmother. He feels like he can't even mourn her passing since he was apart from her at the time of her death.[1]

Although Mr. Bull has a past conviction, he only served about 3 years on the prior offense. Like the current charges, this was not a hands- on allegation, nor was there a victim in the offense. Mr. Bull started his parole / supervision in early 2016 and was faithful in attending counseling. He had no disciplinary infractions while he was in custody. He had completed the required sex offender treatment.

He resumed a serious relationship with Jaime Lessne, and they have a son who is now 5 years old. He and Jaime started a business operating a snowplow business just before his arrest in this case. He also works as a truck driver, with a Class A CD (commercial driver's license). Due to his incarceration, the license will lapse. He would have to start over, going back to school to get the license reinstated. He will also lose this business opportunity.

---

[1] Letters from family and friends are attached as Exhibit A. Because we anticipated that this case would result in a sentencing hearing, there is a letter from his grandmother included. This handwritten letter is one of the last contacts from his grandmother. Photos are attached as Exhibit B.

2

As productive as Mr. Bull had been since his release, two big changes threw Mr. Bull for a loop. The first was his grandparents move to Florida. Having them out of his day-to-day life for the first time was a big difference for Mr. Bull. Second was finishing the required sex offender / mental health counseling. He was very engaged in his treatment, attending one-on-one sessions with a counselor. Mr. Bull felt that the counseling was very helpful for him to address both the sex offender counseling and his mental health.

Once he had concluded the counseling, he lost that space to open up and work on resolving the issues that our evaluator described as "multiple adverse childhood events, including abandonment by his father, maternal substance abuse, physical and emotional abuse by his stepfather, and sexual abuse by his step-grandmother."[2] Mr. Bull knows that the Court will impose continued counseling as a recommendation to the BOP and a requirement for supervised release. He looks forward to this, not a burden but as an opportunity.

Even while in custody at the Baker County Jail, Mr. Bull worked with others who are facing similar charges to better understand his own decision making and to help be a "shoulder to lean on" for others.[3]

At the time of Mr. Bull's arrest, he let the agents assume his on-line identity to assist law enforcement in their other investigations. There is no

---

[2] Evaluation attached as Exhibit C.
[3] Letter of support of another inmate included in A.

3

substantial assistance motion filed but Mr. Bull did what he could to undo his bad decisions.

### NATURE AND CIRCUMSTANCES OF THE OFFENSE

Congress has viewed this offense as very serious: it calls for a 25-year minimum incarceration sentence and a term of supervised release that could go all the way to lifetime supervision.

Mr. Bull has never denied the offense, nor its seriousness. However, it is important to note the conduct here. He engaged in online conversations but never had contact directly with a minor, nor did he take any step towards traveling to Florida. The conduct covered by this statute can range all the way up to filming actual sexual intercourse with a minor. For example, in a recent unpublished case, the Eleventh Circuit described the underlying facts as "[The Defendant] intentionally had sex with J.S. and intentionally made a recording of that act by using her phone." *United States v. Johnson*, unpub, 2025 WL 1027794, *2 (11th Cir. April 7, 2025). He was sentenced to 250 months incarceration.

### PURPOSES OF SENTENCING

1. *Punishment, Seriousness of the Offense, Promoting Respect for the Law*

$$25 \text{ years} \times 12 \text{ months} = 300 \text{ months}$$

$$25 \text{ years} \times 52 \text{ weeks} = 1{,}300 \text{ weeks}$$

25 years X 365 days = 9,125 days

Twenty-five years is a very long time, let alone as time in custody. Every day in custody, Mr. Bull is under the control of the guards and other authorities at the Bureau of Prisons. He will be told what to wear, where to sleep, when to sleep, when to eat, what to eat, and what type of work to do. If he is given an institution work assignment, like food service, groundskeeper, or laundry, he will earn $.12 to $.40 per hour. He will be given some access to phone and email contact with his family, but all such contact will be monitored. He will have no space that is totally his own.

He is likely to see the passing of his grandfather, again only from a distance. He will lose relationships with others.

It is difficult to image the changes that will occur in the next 25 years. Mr. Bull will miss them all, instead being confined in the Bureau of Prisons.

Additionally, any sentence of imprisonment is dangerous. However, an inmate like Mr. Bull (charged with a sex offense) will be at heightened risk. According to the BOP's website, "The Bureau recognizes sex offenders as a vulnerable population within a prison setting."[4] In spite of this recognition, there are only nine facilities in the entire BOP system offering sex offender treatment programs.[5]

---

[4] https://www.bop.gov/inmates/custody_and_care/sex_offenders.jsp, last accessed June 21, 2022.
[5] *Id.*, FCM Carswell (a women's facility), FMC Devens, FCI Elkton, FCI Englewood, FCI Marianna, USP Marion, FCI Petersburg Medium, FCI Seagoville, and USP Tuscon.

### 2. *Deterrence & Protecting the Public*

The federal prosecution of Mr. Bull sends a message to him and to the community at large about the seriousness of these kinds of offenses. The combination of the incarceration sentence and supervised release will mean that Mr. Bull is under the court's control for at least the next 30 years.

### 3. *Correctional Treatment*

It is generally not appropriate for the Court to impose or lengthen a term of incarceration to provide rehabilitation or treatment. See 18 U.S.C. §3582, 28 U.S.C. §994(k), and *Tapia v. United States*, 131 S.Ct. 2382 (2011). And although the Court can make recommendations to the BOP regarding placement or programming, only the BOP makes the final determinations for where Mr. Bull will be placed or what programming to offer.

It is clear and Mr. Bull desires and needs mental health counseling and sex offender counseling. However, since the court can only recommend placement to the BOP, only the BOP will decide Mr. Bull's programing. An earlier start to supervised release will mean that Mr. Bull is under the Court's direct review to ensure compliance with sex offender registration, counseling, and all other conditions.

WHEREFORE, Mr. Bull is asking the Court, not for forgiveness, but for a sentence at the minimum mandatory.

Dated: June 2, 2025.

                                            A. FITZGERALD HALL
                                            FEDERAL DEFENDER, MDFL

                                            s/ Lisa Call
                                            Lisa Call, Assistant Federal Defender
                                            Florida Bar No. 0896144
                                            Assistant Federal Defender
                                            200 West Forsyth Street, Suite 1240
                                            Jacksonville, FL 32202
                                            Telephone: (904) 232-3039
                                            Fax: (904) 232-1937
                                            Email: lisa_call@fd.org